RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 2/5/15
BY  MB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 12-320 |
| -vs- | JUDGE DRELL |
| DEION DURUISSEAU (01),<br>LASHAWN DURUISSEAU (02),<br>HAROLD LEE (03) | MAGISTRATE JUDGE KIRK |

## RULING & ORDER

Before the Court is Defendant Harold Lee's Second Motion for Bill of Particulars (Doc. 128), which has been adopted by Defendant Deion Duruisseau (Doc. 140). Additionally we have Defendant Harold Lee's Motion to Dismiss Count One of the Indictment (Doc. 127), Defendant Deion Duruisseau's Motion to Dismiss Count One of the Indictment, and Alternatively, to Limit Count One (Doc. 129) (which essentially adopts Defendant Lee's motion and which was adopted by Defendant LaShawn Duruisseau, Docs. 134 and 139). We have considered the filings and evidence in the record and are prepared to decide on the pending motions in turn. For the following reasons, Defendant Lee's Second Motion for a Bill of Particulars and Defendant Duruisseau's like Motion adopting will be GRANTED. The three motions to dismiss will be DENIED.

I.  **Background**

Mr. Lee (and by adoption, the two Duruisseau defendants) first asks us to dismiss Count One of the indictment or, in the alternative, to limit it only to the transactions and fraudulent statements listed in Counts Two and Three of the indictment. He asserts Count One is deficient because "(1) it identifies no specific transactions as a part of the conspiracy and (2) it identifies no specific misrepresentations." (Doc. 127-1). The second separate motion asks for a second bill of particulars because of Particulars provided by the Government.

Count One of the Second Superceding Indictment charges the three Defendants with Conspiracy to Commit Bank and Wire Fraud under 18 U.S.C. § 1349. It asserts that certain real estate properties were financed with mortgage loans "submitted and caused to be submitted" by the three defendants. It then recites the elements of bank fraud and wire fraud under 18 U.S.C. § 1343 and § 1344, and asserts that the Defendants conspired to commit these crimes through materially false statements on loan application documents.

By way of history, the Magistrate Judge in this case granted a First Motion for Bill of Particulars by Mr. Lee in April 2014 (Doc. 97). The Government appealed this decision and this Court denied that appeal in part and granted it in part, and specifically ordered that the Government provide Mr. Lee with the following information:

> 1. As to all bank transactions which are the subject of the conspiracy, which specific transactions does the Government maintain Defendant Lee was actively involved in any capacity (other than as a mere part interest owner); and
> 2. The dates, times and places when and where the conspiracy was

2

carried out and the identities of the named co-conspirators who participated at each such date, time and place.

(Doc. 119). The Government filed its bill of particulars in August 2014 (Doc. 122). This document lists many properties for which Mr. Lee was the closing attorney, but also notes that Mr. Lee was "actively involved in more real estate closings during the existence of the conspiracy," and that these other closings are "including but not limited to" the list provided in the bill of particulars. (Doc. 122 p. 2). The bill of particulars also notes that the Government cannot provide all of the times associated with the execution of the conspiracy. The Government's stated reason for this inability is that the files relating to the real estate transactions listed in the bill of particulars include documents that contain date and time stamps, and Defendants have been provided with these documents as discovery.

In a memorandum supporting his second motion, Mr. Lee argues that the first Bill of Particulars does not sufficiently "clarify the scope, extent, nature, and basis of the alleged conspiracy." (Doc. 128-1). Because of this, he asks this Court to require the Government to state:

> 1. The transactions in which Lee is alleged to have submitted fraudulent information or otherwise made a criminal misrepresentation.
>
> 2. With regard to each of the transactions identified, the information that Lee is alleged to have fabricated, lied about, or otherwise misrepresented. (Doc. 128-1).

3

Mr. Duruisseau, who has not received his first bill of particulars from the Government[1], still adopts by motion Mr. Lee's second motion. (Doc. 140).

## II. Law and Analysis

A constitutionally sufficient indictment "contains the elements of the offense charged, fairly informs the defendant what charge he must be prepared to meet, and enables the accused to plead acquittal or conviction in bar of future prosecutions for the same offense." United States v. Gordon, 780 F.2d 1165, 1169 (5th Cir. 1986). Moreover, "it is generally sufficient that an indictment set for the offense in the words of the statute itself as long as the statutory language unambiguously sets out all the elements necessary to constitute the offense." Id.

When an indictment is constitutionally sufficient but the information contained within it falls short of what is necessary for preparation of an adequate defense, bills of particulars may be granted "to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution." United States v. Mackey, 551 F.2d 967, 970 (5th Cir. 1977). An indictment need not contain all of the "evidentiary details establishing the facts" for the offense with which a defendant is charged, but a bill of particulars may supply this information.

---

[1] In this Court's partial denial of the Government's appeal of the Magistrate Judge's decision to grant a bill of particulars to Mr. Duruisseau, we instructed the Government to provide Mr. Duruisseau with the specific false statements Mr. Duruisseau made, as well as "the dates, times and places when and where the conspiracy was carried out and the identities of the named co-conspirators who participated at each such date, time and place." (Doc. 143).

Id. at 1172. Indictments that charge defendants with committing certain offenses but also contain language such as "among others" and "the following and other offenses" are acceptable, but courts should treat such language as surplusage. United States v. Freeman, 619 F.2d 1112, 1118 (5th Cir. 1980).

In the present case, count one of the Second Superceding Indictment as to all Defendants charges Mr. Lee, Mr. Duruisseau, and LaShawn Duruisseau with Conspiracy to Commit Wire and Bank Fraud under 18 U.S.C. § 1349. Count one recites the elements of wire fraud and bank fraud, and it charges the Defendants with making materially false statements about "among other things, monthly income, side agreements, source of down payment for mortgage loans and distribution of proceeds." (Doc. 62). It does not contain a list of specific real estate transactions that were elemental to this alleged conspiracy. While we note that this indictment falls far short of the ideal, we find that it is constitutionally sufficient because it fairly informs the Defendants of the charge they must be prepared to meet. Therefore, we deny Defendants' motions to dismiss Count One.

However, we find that further evidentiary details are necessary for Defendants to prepare their defenses adequately. In the first bill of particulars granted to Mr. Lee (quoted above), we required that the Government specify the transactions of which Mr. Lee was allegedly a part. The bill of particulars that the Government then provided was skillfully vague in stating that the transactions Mr. Lee was involved in were "including but not limited to" the transactions listed. If the Government does not wish this Court to treat "including but not limited to"

and "among other things" as mere surplusage, then it must provide Defendants with more information than they have so far. Additionally, we are not persuaded by the Government's explanation regarding its inability to provide dates and times as to Mr. Lee in the first bill of particulars. If, as the Government asserts, the Defendants can determine the dates and times from the huge array of documents provided as discovery, then the Government can make this determination just as easily, it being the Government's burden to prove when the conspiracy was carried out. Accordingly, we order the Government to provide these further particulars to Mr. Lee:

(1) A complete list of real estate transactions that the Government maintains were fraudulent and involved Mr. Lee and either Deion Duruisseau and/orLaShawn Duruisseau;

(2) From the previous list of real estate transactions that the Government alleges Mr. Lee was involved in, list all of those where fraud was committed by him;

(3) Designate, as to each real estate transaction, which specific documents (and which specific parts of any lengthy document) are believed by the Government to contain false or misleading statements and identify the specific misrepresentations alleged to have been made; and

(4) Provide, in a form similar to the what is provided in Defendant LaShawn Duruisseau's Bill of Particulars (Doc. 153), the dates and places of the specific transactions alleged to be fraudulent.

As to Mr. Duruisseau, we note that the Government has yet to provide him with his first bill of particulars, and it is ordered that they have TEN DAYS from the date of this ruling to provide him with this. However, because Mr. Duruisseau adopted Mr. Lee's second motion, we also order that the Government must provide Mr. Duruisseau with the above-ordered particulars as they relate to him, either in a separate bill of particulars or incorporated into the first.

### III.  CONCLUSION

For the foregoing reasons, Defendant Lee's Second Motion for Bill of Particulars (Doc. 128), and Defendant Deion Duruisseau's Motion adopting this motion (Doc. 140) are GRANTED. Defendant Lee's Motion to Dismiss Count One of the Indictment (Doc. 127) and Defendant Deion Duruisseau's Motion to Dismiss Count One of the Indictment, and Alternatively, to Limit Count One (Doc. 129) (which was adopted by Defendant LaShawn Duruisseau, Docs. 134 and 139) are DENIED as to all Defendants.

SIGNED on this 4 day of February, 2015 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT