RECEIVED
FEB 27 2018
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO. 1:12-cr-00320-01-03 |
| VERSUS | |
| DEION DURUISSEAU (01), LASHAWN A. DURUISSEAU (02), and HAROLD L. LEE (03) | JUDGE DEE D. DRELL MAG. JUDGE PEREZ-MONTES |

## MEMORANDUM RULING

Now before the court for decision are three (3) motions, one on behalf of each defendant (Docs. 250, 251 and 254). These three (3) motions all seek to have judgments of acquittal entered or alternatively, seek a new trial on all counts.

The relevant history of this case reflects that all three (3) defendants went to trial on four (4) felony counts of a Second Superseding Indictment: conspiracy to commit bank and wire fraud, two counts of bank fraud, and one count of making a false statement to a bank (limited as to the Defendants Duruisseau only). These charges arose out of a fraudulent real estate financing scheme in which the Duruisseaus participated as purchasers of residential properties, or had straw purchasers, arrange financing at victim institutions, and then, working with Harold Lee as closing attorney, padded the financing amounts without disclosure. The padded amounts went into the offenders' pockets. There were multiple transactions with multiple lenders.

The case proceeded to verdict in June 2016. After the close of the Government's case, Count 4 of the Indictment was dismissed in its entirety by the court on motion based upon failure of proof by the Government. As to the other three (3) counts, the jury found all three (3) defendants guilty. Post-trial, the Court was treated to a plethora of motions by the defendants arguing

numerous alleged bases for post-trial relief. These included alleged jury taint, inadequacy of proof generally, and in particular, the failure of proof on an essential element of proof as to Count 3. After substantial briefing, oral presentation, and consideration, we rule as follows.

I.   COMMON ISSUES

The pending motions by all three (3) defendants are similarly structured. All three (3) seek the entry of a Judgment of Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, or, in the alternative, a new trial under Rule 33. Relevant parts of these rules provide:

**Fed. Rule of Criminal Procedure 29(c)**

> **(c) After Jury Verdict or Discharge.**
>
> **(1) Time for a Motion.** A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.
> **(2) Ruling on the Motion.** If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.
> **(3) No Prior Motion Required.** A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.

**Fed. Rule of Criminal Procedure 33(a)**

> **(a) Defendant's Motion.** Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

In this instance, we granted certain extensions for briefing purposes and so all counsel could have transcript access for accurate motion presentation. However, all motions under these two rules were timely made.

The Rule 29 arguments are similar in asserting the lack of sufficient evidence to convict Defendants generally. More specifically, however, Defendants attack the measure of proof for

2

Count 3. They observe that the "Financial Institution" allegedly defrauded in Count 3 was "Wachovia Mortgage Corporation." They further observe that one of the elements of proof is that the "Financial Institution" must be one that is insured by the Federal Deposit Insurance Corporation ("FDIC"). Indeed, we instructed the jury to that effect. The Government agrees that this an element of proof. Interestingly, as to Count 2, which involved Wells Fargo Bank, part of the proof of the FDIC insured status was a certificate stating specifically that Wells Fargo bank was FDIC insured. No such proof was offered as to Wachovia Mortgage Corporation. Instead, the Government relied on the testimony of a one-time employee of Wachovia Mortgage Corporation. During the relevant time period, 1995-2000, Wachovia BANK was a federally chartered bank. In support, an FDIC certificate for Wachovia Bank, National Association was introduced establishing that Wachovia Bank was federally insured. Unfortunately, the Government failed to establish, either, that Wachovia Mortgage Corporation was also insured by the FDIC or that it was somehow covered by or included in the coverage given to Wachovia Bank. The Government's position is that the loan file for one of the relevant property transactions at 3221 Levin Street in Alexandria, Louisiana contains disbursement checks issued by Wachovia Bank, although the transaction was apparently handled by Wachovia Mortgage Corporation. The problem is that the Indictment specifically states that Wachovia Mortgage Corporation was the institution defrauded, but the evidentiary connection between the two, for FDIC insurance purposes, was not made. The omission is glaring considering that the FDIC certificate for Wachovia Bank (Trial Exhibit G-149) does not contain extensive detail on Wachovia's history, its previous names, office locations, or the like. Nowhere is the name of Wachovia Mortgage Corporation included.

Without this evidentiary chasm having been closed, we must consider under the law whether the jury verdict convicting Defendants of Count 3 can be sustained. In a post-trial analysis under Rule 29, we are guided by the Fifth Circuit Court of Appeal's decision in United States v. Schultz, 17 F.3d 723, 725 (5th Cir.1994) in which the question of FDIC insurance status was presented for "Texas Commerce Bank, National Association" but not the allegedly defrauded financial institution "Texas Commerce Bank-Sugar Land." In that case, the Government's witnesses testified that Texas Commerce Bank, National Association was FDIC insured. The witnesses also testified that there was an organizational connection between the two entities. However, the Government failed to provide any evidence that Texas Commerce Bank – Sugar Land was insured by the FDIC either on its own or via the organizational structure established by its witnesses. The court said: "the testimony and evidence the Government did proffer, that TCB-National Association was insured by the FDIC-are patently insufficient to prove that TCB-Sugar Land was so insured, even though the two banks may have been related." Id. at 727. Based on this analysis, we find that the motions by all three defendants have merit. Pursuant to Rule 29(c), we must set aside the jury's verdict as to Count 3 and enter a judgment of acquittal as to that count alone.

Continuing the analysis, however, Defendants urge that if Count 3 is dismissed, the proof as to Count 2 is also tainted. We thoroughly disagree. Counts 2 and 3 charged bank fraud as to different "Financial Institutions." The proof for each was separate, both in concept and in evidentiary presentation. Without detailing everything in the record, we find nothing that would even slightly suggest the inability of the jury to distinguish the evidence in this case. Likewise, the instructions made it clear that each was charged as a separate offense and each must be

considered as such. Likewise, there is nothing which taints the conspiracy conviction in Count 1. Indeed, we describe the evidence for conviction on both counts as overwhelming.

The last argument which warrants comment is the suggestion that the Government violated the disclosure rules defined by Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). These rules require the appropriate disclosure of both exculpatory and potential impeachment evidence. An actionable violation of these rules violates Due Process and can warrant dispositive action by the court. Here, however, as properly briefed by the Government in its post-trial briefs, we find no such violation by the Government. In this regard, we are reminded that usual discovery in this case was supplemented by two pre-trial Bills of Information, and extensive copies of loan documents that were the subject of this prosecution. In short, Defendants had substantially sufficient notice of all issues in this case, and the court further accommodated requests by Counsel for further review of any documents turned over at and during the trial. The Brady /Giglio arguments, therefore, have no merit.

All further positions and arguments, if not specifically addressed herein, are deemed to be meritless and are rejected and denied.

II. CONCLUSION

In accordance with the foregoing, the jury verdict as to Count 3 of the Second Superseding Indictment is hereby set aside and a Judgement of Acquittal will be entered as to all three defendants as to that count. In all other respects, the Judgment for Acquittal and/or for New Trial are DENIED. The court will issue a judgment in conformity with these findings.

**Alexandria, Louisiana**
**February 27, 2018**

JUDGE DEE D. DRELL
UNITED STATES DISTRICT COURT

5